Original

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED

07 OCT 18 PM 4:

Armando Amaya

)
)
)
)

(Prisoner)
(Full name under which
you were convicted)

)
)
)
)
)

K-75877

)
)

Prison Number

)
)

Tamms C-Max. C. C.

)
)

(Place of Confinement)

)
)

vs.

)
)
)

Docket No. 07-730-MJR

(To be supplied by Clerk)

People of the State of Illinois.

)
)

Ken. BARTLEY, Warden.

)
)

(Respondent)

)

(Name of Warden, Superintendent, Jailor
or authorized person having custody of
Petitioner)

)
)
)
)

and

)
)
)

The Attorney General of the State of
Illinois , Additional Respondent.

)
)
)

---

## PETITION UNDER 28 U.S.C. SECTION 2254 FOR A
## WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

A.   Instructions - Read before filling out this form.

1.   If you are attacking a judgment which imposed a sentence to be served in the future, you must fill in the name of the state where the judgment was entered. If you have a sentence to be served in the future under a federal judgment which you wish to attack, you should file a motion under Title 28, U.S.C. §2255, in the federal court which entered the judgment.

2.   Readable - The petition may be either typed or handwritten, but it must be readable.

3.   One Conviction Per Form - You can only challenge one criminal conviction in each petition.

(Rev. 4/90)

4.  **Signed Under Penalty of Perjury** - The petition must be signed by you "under penalty of perjury". Any false statement of a material fact may serve as a basis for prosecution and conviction for perjury. Your signature does <u>not</u> have to be witnessed by a notary public.

5.  **Copies and Proper Court** - All questions must be answered. When the petition is fully answered, the <u>original and two (2) copies</u> must be mailed to the Clerk of the United States District Court for the Southern District of Illinois, whose address is P. O. Box 249, East St. Louis, IL 62202-02491.

6.  **Exhaustion** - Before you can sue in federal court for habeas corpus relief, you must first raise every ground you have in State Court, either by direct appeal, state habeas, and/or post-conviction statutes, and appeal as high in the state court system as they will let you go. If you have not done this, you should either do it now, before filing in federal court, or be prepared to explain on the form why you have not exhausted.

7.  **All Grounds** - You must include all grounds for relief in this petition and the facts supporting each ground for relief. If you fail to do so, you may be prevented from presenting additional grounds at a later date.

8.  **Legal Citations and Arguments** - No citations of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

9.  **Fee** - You must either (A) pay the filing fee of $5.00 or (B) if you do not have the money, you may request permission to proceed in forma pauperis, in which event you must complete and sign the motion and affidavit supplied by the clerk's office and have an authorized officer at the penal institution complete and sign the attached certificate.

10. **Grounds Frequently Raised** - For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter is a separate ground for possible relief. YOU MAY RAISE ANY ADDITIONAL GROUND(S). **However, you should raise in this Petition all available grounds (relating to this conviction( on which you based your allegations that you are being held in custody unlawfully.**

    Do **not** check any of the listed grounds. If you select one or more of these grounds for relief or any other ground(s), you must allege FACTS. The Petition may be returned to you if you merely check the ground(s) listed below.

    a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and consequences of the plea.

    b)  Conviction obtained by used of coerced confession.

    c)  Conviction obtained by use of evidence gained pursuant to an unlawful arrest.

- 2 -

(Rev. 4/90)

d)   Conviction obtained by a violation of the privilege against self-incrimination.

e)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

f)   Conviction obtained by a violation of the protection against double jeopardy.

g)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

h)   Denial of effective assistance of counsel.

i)   Denial of right of appeal.

## P E T I T I O N

1.   **Court:**       a)   Name and location of Court which you were convicted:

IN THE CIRCUIT COURT From the 16Th JUDICIAl DISTRICT, KANE COUNTY, ILLINOIS.

2.   **Judge:**       a)   Sentencing Judge HON. DONal Hudson

3.   **Date:**        a)   What was the date of your conviction? January 29, 1999

4.   **Crime:**       a)   For what crime(s) were you convicted in the case you attack with this petition? First Degree Murder, Attempted First Degree murder, 2 counts, Aggravated discharge of a Fire arm, and Aggravated Brittery with a Firearm, 2 counts.

b)   Were you sentenced on more than one count of an indictment, or on more than one indictment in the same court at the same time? Yes (X)        No ( )

If your answer to 4(b) was "yes", explain: The trial court sentenced me to 40yrs imprisoment For the First degree murder conviction, 10 and 12 yrs For two convictions of Attempted murder and 9 yrs For the aggravated discharge of a Firearm conviction. To be serve consecutively For a total of 6e yrs.

5.   **Lawyer:**      Who was your lawyer?
a)   At preliminary hearing Public Defender, David P. Kliment
b)   At arraignment and plea Public Defender David P. Kliment
c)   At trial Public Defende, David P. Kliment

- 3 -

(Rev. 4/90)

d)    At sentencing Public Defender David P. Kliment

e)    On direct appeal Appelate Public Defender Office In the county of KANE county.

f)    In any post-conviction proceeding Retain Attorney Kathleen Colton.

g)    On appeal from any adverse ruling in a post-conviction proceedings Appelate Public Defenders Office

6.    Plea:    a)    What was your plea? (Check one)
       ✓    Not Guilty
       ____    Guilty
       ____    Nolo Contendere

       b)    If you pleaded guilty to one count or indictment, and pleaded not guilty or nolo contendere to another, give details:_____

_____

_____

_____

7.    Sentence:    What was the length and term(s) of your sentence? 40 For the 1st Degree murder, #1 and #2 for the Attempted 1st Degree murder, 9 for the aggravated battery with a fire arm, to be serve cosecutively for a total of 62 yrs, with the 9 merged with the murder conviction.

8.    Trial:    a)    What kind of trial?
       ____ X ____ Jury        ____ Judge without a jury

       b)    Did you testify at the trial?  ____ Yes    ____ No

9.    Appeal(s):    a)    Did you appeal your criminal conviction?  X  Yes    ____ No

       b)    If you did appeal, answer the following:

              Name and location of Court In The Appellate Court of Illinois, second Judicial District

              Result   Affirme
              Date of Opinion  June 22, 2007
              Citation of court opinion (if known) (our No. 2--05-0706 was order not to be cited. (attache as Appendix A'1-7)

              Grounds raised on direct appeal Defense Counsel was ineffective by Friling to present alibi witnesses at trial. "Kliment did not call any alibi witnesses to testify at trial although he had asserted an alibi defense in his discovery answer". THe alibi witnesse helped Defendant gain a hung Jury and dismisal of the charges in another trial a shooting on the same night as the shooting in this case and Failling to call them Fell below the standar establishe in Stricklan v. Washington, 466 U.S. 668, 104 S. CT 2052, 80 L. Ed. 2d 674 (1984)

- 4 -

(Rev. 4/90)

c)   Did your appeal the result to the highest state court having jurisdiction? ☒ Yes ___ No

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)_____

IN THE SUPREME COURT OF THE STATE OF ILLINOIS.
NO. 105041.
THE Supreme court OF The 26 day of September 2007
Dennred the Defendant petition For leave to appeal in
the above intitle cause. (The orde is attach as a Appedix
B 1951 )
_____
_____
_____
_____
_____

d)   If you did not appeal, explain briefly why you did not_____
_____
_____
_____
_____
_____

e)   Did you seek permission to file a late appeal? ___ Yes ☒ No

10.   Post Conviction Collateral Proceeding(s):

a)   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal: ☒ Yes ___ No

b)   If your answer to 10(a) was "Yes", give the following information:

A.   First petition, application or motion.

1)   Name of Court The Appellate Court OF ILLINOIS
2Nd Judicia District.

2)   Nature of Proceeding The circuit court OF the 16Th Judicial
District Dennied a sucessive Post-coviction under new Disioler
evidence and due process of Law. My appeal has not been prepar
yet. Deadline is For May OF 2008. (I don't think this two issue
would merge and by the time this deadline come up, it would be to late to
proceed on the time limit given to Fiele The Habeas corpust," I don't Kmow me laps)

3)   Ground(s) Raised Violation of Due process of law /
Inefective assistan of counsel / Newly Disiover evidence that
were not given for this case. I Found evidence that were

- 5 -

(Rev. 4/90)

mark with a whole diferent Incident number
and place on a whole difrent incident that is not this case.
but belong in this case. The evidence are of an eye witness
whom seen the shooter, run in a whole difrent direction of
that which the state, base there case on.
"I don't understand the law, so I don't Know if this
would merge into this issue, because of the time of the deadline".

4) Did you receive an evidentiary hearing on your petition, application or
motion?  ___ Yes  X  No

5) Result__Dennied_____

6) Date of Result_May  9, 2007_____

7) Did you appeal the result to the highest state court having jurisdiction?
X  Yes  ___ No

If you did appeal, give the name of the court where the appeal was filed,
the result, the case number, citation and date of the court's decision (or
attach a copy of the court's opinion or order)_The appeal has
not been prepare yet. I'm not sure it merged in to
this issue. "Don't Know the law,"
_____
_____

8) If you did not appeal, briefly explain why you did not_____
_____
_____
_____

B. As to any second petition, application or motion, give the following information:

1) Name of Court_____
_____

2) Nature of Proceeding_____
_____
_____
_____

3) Ground(s) Raised_____
_____
_____
_____
_____
_____

(Rev. 4/90)

7)    Did you appeal the result to the highest state court having jurisdiction?

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)_____

_____

_____

_____

8)    If you did not appeal, briefly explain why you did not_____

_____

_____

_____

11.    **Other Remedies:**

Describe all other procedures, such as administrative remedies, you have used to exhaust your state remedies.

12    **Ground(s) for Federal Habeas Corpus:**

State in the following paragraph(s) every ground or reason you claim your conviction is improper or unlawful.

A.    First Ground

1)    My conviction violates the constitution or laws of the United States for this reason: That the circuit court for the 16Th Judicial District and The appellate court erred in rulling That Mr. Kliment made a good Faith Determination That the Defendant's alibi witnesses would offer perjury Testimony where the record shows That Mr. Kliment Decesion no to raise The alibi Defense was Both unresonable and Prejudicial.  That the trial court erre in denied defendants Post conviction Petition because his counsel was ineffective by Falling to present alibi witnesses at trial. Falling to call them fell below the standar stablish in Stricklan V. Washinton. "see attach memoran dum of law!".
Appendix C pg 1-18

2)    I have already raised this claim in state court.

Direct Appeal:          X  Yes    ___ No
State Habeas Corpus:   ___ Yes    X  No  I believe this is what I'm
State Supreme Court:    X  Yes    ___ No  doing Know, right?
Other:                  X  Yes    ___ No

Explain: Post-conviction Petition.

_____

_____

(Rev. 4/90)

1)  My conviction violates the constitution or laws of the United States for this reason: _____

_____
_____
_____
_____
_____
_____
_____
_____

2)  I have already raised this claim in state court.

| | | | |
|---|---|---|---|
| Direct Appeal: | ___ Yes | ___ No | |
| State Habeas Corpus: | ___ Yes | ___ No | |
| State Supreme Court: | ___ Yes | ___ No | |
| Other: | ___ Yes | ___ No | |

Explain: _____

_____
_____

13.  If any of the grounds listed in 12A, B, C or D were not previously presented in any court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____
_____
_____
_____
_____

14.  Do you have any petition or appeal now pending in court, either state or federal, regarding the conviction under attack?  X  Yes  ___ No

If your answer to 14 was "Yes", give the name of the Court and nature of proceeding:
_an appeal For a sussessive Post-conviction under_
_Violation of Due-Process / ineFective assistant oF counse under_
_newly Discovery evidence._

## FUTURE SENTENCE

Do you have any future sentence to serve after you complete the sentence imposed by the conviction under attack?  ___ Yes  X  No

a)  If "yes", give name and location of court which imposed sentence to be served in the future:_____

- 8 -

(Rev. 4/90)

b)    Give date and length of sentence to be served in the future:_____

c)    Have you filed, or do you contemplate filing, any petition attacking the conviction
      which imposed the sentence to be served in the future? ____ Yes     ____ No

## REQUEST FOR RELIEF

State here exactly what you want to the court to do:

WHEREFORE, The defendant-Prisoner, Armando Amaya, pray
this Honorable court grant his Petition For Habeas corpals
and reversed the defendant-Prisoner Post-conviction,
reverse his conviction in 98 CF535 and Order a New Trial

_____
                                        _(Signature of lawyer, if any)

_____
Date

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare (or certify, verify, or state) under penalty of perjury, that I am
the petitioner in the above action, that I have read the above petition and that the information
contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Signed this 12 day of October , 18 2001

Armando Amaya.
Signature of Petitioner

Armando Amaya
# K-75877
P.O. BOX 2000
TAMMS, ILL.
        62988

TAMMS.C-MAX. C.C.

- 9 -
9

(Rev. 4/90)

This Order Is Not Precedential
And Is Not To Be Cited

FILED

JUN 2 2 2007

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

No. 2--05--0706

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiffs-Appellees | ) ) ) | |
| and | ) | No. 98--CF--535 |
| ARMANDO AMAYA, | ) ) | Honorable Grant S. Wegner, |
| Defendant-Appellant. | ) ) | Judge, Presiding. |

**RULE 23 ORDER**

Defendant, Armando Amaya, was found guilty of first degree murder, attempted murder, aggravated battery with a firearm, and aggravated discharge of a firearm. The aggravated battery convictions merged with the attempted murder convictions. The trial court sentenced defendant to 40 years' imprisonment for the first-degree murder conviction, 10 and 12 years' imprisonment for the two convictions of attempted murder, and 9 years' imprisonment for the aggravated discharge of a firearm conviction. The trial court ordered the sentences to be served consecutively for a total of 62 years. This court affirmed the defendant's convictions and sentences on direct review in People v. Amaya, 321 Ill. App. 3d 923 (2001). However, this court vacated the imposition of consecutive sentences. Amaya, 321 Ill. App. 3d at 933.

At trial public defender David Kliment represented defendant. Kliment did not call any alibi witnesses to testify at trial although Kliment had asserted an alibi defense in his discovery answer.

No. 2--05--0706

However, in another trial (97 CF 2326) regarding another shooting that occurred later the same night as the instant shooting, defendant presented four alibi witnesses, Sonia Delatorre and her sister, Elizabeth Delatorre, George Gamboa and Ramiro Sandoval. This trial ended in a hung jury.

Kathleen Colton filed a postconviction petition for defendant in this case. The petition alleged that Kliment was ineffective because the four alibi witnesses had given alibi testimony in case No. 97 CF 2326 and that Kliment should have had them testify in the instant case as well. The petition was supported by the affidavits of Ramiro Sandoval and a private investigator who stated that Gamboa and Sandoval would both testify on defendant's behalf. Colton then filed a 651(c) certificate. 134 Ill. 2d R. 651(c). The trial court denied the State's motion to dismiss the petition.

At the hearing on defendant's postconviction petition, defendant testified that his alibi covered the times for both shootings; that he had been at the Delatorre house when both shootings occurred. Defendant repeatedly told Kliment about his alibi and Kliment kept saying he was looking into it. Kliment never told defendant that he had spoken with the alibi witnesses. Defendant spoke with the alleged alibi witnesses except for Elizabeth Delatore and they said they would testify for him at trial but they were not contacted by Kliment. Elizabeth Delatorre was living in Arizona at the time of the hearing. Defendant denied telling Kliment that he had been at the shooting in the instant case.

The following documents were admitted into evidence during defendant's testimony: transcripts of the taped statements given by defendant and Sonia Delatorre to the police on October 30, 1997; and a transcript of the December 11, 1997, bond reduction hearing in the other shooting wherein the Delatorre sisters stated that defendant was at their home during the shooting.

Private investigator Arnold Castillo testified consistently with his affidavit filed in support of the postconviction petition. Sandoval testified, through an interpreter, that nobody from the Kane

-2-

No. 2--05--0706

County Public Defender's office had contacted him prior to trial but he was in the courthouse during the trial. Sandoval acknowledged that he previously testified that he had been with defendant during the shooting that led to the charges in the other shooting. However, Sandoval also stated that he and defendant were with the Delatorre girls during both shootings.

Defense counsel David Kliment testified that he reviewed the police reports and witness statements including taped statements given by Sonia Delatorre. He also reviewed the transcripts from the testimony given in the other case by Gamboa, Sandoval and the Delatorre sisters. He did not recall reviewing the transcripts of the bond reduction hearing in the other case. When asked whether he knew that the prior case ended in a hung jury Kliment stated, "I'm sure I did [know]." Kliment also testified that he had investigators interview potential witnesses although he had no written reports. He spoke with defendant about potential alibi witnesses on at least "a couple of occasions." Kliment filed a supplemental discovery answer asserting an alibi defense and listed the potential alibi witnesses. But when he spoke to defendant later he told defendant that he didn't like the alibi defense because "putting on a bad alibi defense is worse than putting on no defense at all, because it makes you look like you're trying to lie if the alibi is going poorly." Kliment told defendant that "putting on any kind of defense was a matter of trial strategy" and that defendant would be "better off" without the alibi defense. Kliment explained that the alibi witnesses could not account for the entire 90-minute period between the shooting underlying the charges in the first shooting (the shooting in the instant case) and the second shooting. Kliment stated, "I think they tried to but when you piece it together, there were gaps and so forth, and I'm trying to remember back a long time, remember, but there were problems with it."

-3-

Kliment also testified that defendant made remarks which made it "impossible" for him to raise the alibi defense. According to Kliment, defendant said "that the witnesses were there to testify for him, they know what to say, but that he was there at the shooting, he just wasn't involved." Upon hearing that, Kliment became concerned "that the alibi witnesses would perhaps not testify truthfully." Kliment stated that the instant shooting and the time of the shooting was the topic of conversation when defendant made the statement so he did not need to explore the statement any further. Kliment believed that he was "barred from using" the alibi defense in light of defendant's remark.

After hearing arguments from counsel, the trial court denied defendant's postconviction petition. The trial court found, inter alia that the decision to forgo the alibi defense was reasonable because of the time gaps and it would have been unethical to pursue the alibi after defendant admitted being at the scene. This timely appeal followed.

On appeal, defendant contends that the trial court erred by dismissing his petition because his defense counsel was ineffective by failing to present alibi witnesses at trial. Defendant claims that these witnesses helped gain him a hung jury in another trial involving a shooting on the same night as the shooting in this case and failing to call them fell below the standard established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).

At the hearing stage of postconviction proceedings, we will not reverse the trial court's decision to deny a petitioner's claim after conducting an evidentiary hearing unless it is manifestly erroneous. People v. Childress, 191 Ill. 2d 168, 174 (2000). "A decision is manifestly erroneous only if it contains error that is 'clearly evident, plain, and indisputable.' " People v. Frieberg, 305 Ill. App. 3d 840, 847 (1999), quoting People v. Ruiz, 177 Ill. 2d 368, 384-85 (1997).

-4-

To establish ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). The Strickland test requires a defendant to show that (1) his counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness under the prevailing professional norm; and (2) the deficient performance so prejudiced defendant as to deny him a fair trial. People v. Nieves, 192 Ill. 2d 487, 494 (2000). To successfully claim ineffective assistance of counsel, a defendant "must overcome a strong presumption that the challenged actions of counsel were the product of sound trial strategy." People v. Metcalfe, 202 Ill. 2d 544, 561 (2002).

In this case, defendant fails to establish the first prong of the Strickland test, that is, he fails to establish that his counsel's performance was deficient. The Sixth Amendment (U.S.C.A. Const. Amend. 6) right of a criminal defendant to assistance of counsel is not violated when his attorney refuses to cooperate with the defendant in presenting perjured testimony at trial. Nix v. Whiteside, 475 U.S. 157, 171, 106 St. Ct. 988, 996 (1986). Thus, counsel's adherence to reasonable professional standards does not fall below an objective level of performance. Nix, 475 U.S. at 171. Under the Strickland test, effective counsel need have only a good-faith belief that witnesses will perjure themselves to forgo certain testimony. See People v. Taggart, 233 Ill. App. 3d 530, 558-59 (1992).

In this case there is ample evidence to support the trial court's finding that defense counsel Kliment had a good faith belief that defendant's alibi witnesses would lie if called to testify at trial. Kliment testified during the hearing that defendant told him that the alibi witnesses were there to testify for him, that they knew what to say, and that defendant told Kliment that he had been at the scene of the shooting but had not been involved. When defendant told this to Kliment it made

-5-

No. 2--05--0706

Kliment believe that the alibi witnesses would not testify truthfully. When defendant told Kliment that he was at the scene of the shooting, the topic of the conversation was the instant shooting and not the shooting that took place later that evening. When asked why Kliment did not put on an alibi defense, he replied: "That is what made it easy for me to decide, as it really was a matter of trial strategy, that would not have been an effective defense, but then I think I became barred from using it." Illinois Rules of Professional Conduct state that a lawyer appearing professionally before a tribunal shall not "offer evidence that the lawyer knows to be false." ILCS S. Ct. Rules of Prof. Conduct, RPC Rule 3.3(a)(4). The record reveals that Kliment made a good faith determination that defendant's alibi witnesses would offer perjured testimony. Therefore we do not believe the trial court's decision to deny defendant postconviction relief was manifestly erroneous.

Defendant argues that Kliment jumped to the conclusion that defendant was talking about the shooting in this case rather than the shooting in the other case when he allegedly told Kliment that he had been at the scene. Defendant's interpretation is not supported by the evidence. Kliment testified that when defendant told him that he was at the scene of the shooting the topic of conversation was the shooting at issue and the time of the shooting. Defendant denied making this statement but it was within the trial court's purview to weigh the testimony and determine the credibility of the witnesses. See People v. Morgan, 212 Ill. 2d 148, 155 (2004). The finding of the trial court implies that it believed that Kliment made a good faith determination that defendant's alibi witnesses would lie if called to testify. Based on the record before us, we cannot say that the trial court's findings are manifestly erroneous.

No. 2--05--0706

Because we have already determined that defendant cannot establish the first prong of the Strickland test regarding failure to present the alibi witnesses' testimony, we need not address the other issues raised by defendant.

For the reasons as stated, we affirm the judgment of Kane County in denying defendant's postconviction petition.

Affirmed.

McLAREN, J. with GROMETER, P.J. and GILLERAN JOHNSON, J., concurring.

-7-

105041

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 26, 2007

Mr. Armando Amaya
Reg. No. K-75877
Tamms Correctional Center
P. O. Box 2000
Tamms, IL 62988

No. 105041 - People State of Illinois, respondent, v. Armando
            Amaya, petitioner.  Leave to appeal, Appellate
            Court, Second District.

      The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

      The mandate of this Court will issue to the Appellate Court

on November 1, 2007.