# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6793 | DATE | 2-11-08 |
| CASE TITLE | U.S. ex rel. Armando Amaya (K-75877) v. Ken Bartley | | |

**DOCKET ENTRY TEXT:**

Petitioner Armando Amaya's motion to proceed *in forma pauperis* [DE 7-4] is denied. Petitioner is given 30 days from the date of this order to pay the $5 filing fee. Failure to pay the filing fee within 30 days will result in dismissal of this case. Petitioner's motion for the appointment of counsel [DE 7-5] is denied without prejudice.

Docketing to mail notices.

■[For further details see text below.]

## STATEMENT

Petitioner, Armando Amaya (K-75877), currently incarcerated at Tamms Correctional Center, has filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. He has not paid the $5 filing fee, and his application to proceed *in forma pauperis* demonstrates that he does not qualify as a pauper. Petitioner had a balance of $314.41 at the time he filed his petition and a six-month average balance over $300. Because petitioner is a prisoner for whom the state provides the necessities of life, petitioner's assets do not qualify him for pauper status. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). Petitioner is financially able to pay the $5 filing fee for a habeas corpus petition and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court for the Northern District of Illinois, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604. Petitioner is given 30 days from the date of this order to pay the filing fee. If petitioner does not pay the filing fee within 30 days, the Court shall enter judgment dismissing this case. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

Petitioner's motion for the appointment of counsel is denied without prejudice. Although Rule 8(c) of the Rules Governing § 2254 Cases allows a court to appoint counsel for a petitioner for an evidentiary hearing and at any stage of the proceedings if the interests of justice so require, this Court cannot make such determinations until after the respondent responds to the petition.

isk