IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| ARMANDO AMAYA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07 C 6793 |
| | ) | |
| KEN BARTLEY, | ) | |
| Warden, Tamms Correctional Center, | ) | The Honorable |
| | ) | John W. Darrah, |
| Respondent. | ) | Judge Presiding. |

## RESPONSE IN OPPOSITION TO
## PETITIONER'S MOTION FOR LEAVE TO AMEND

Respondent KEN BARTLEY submits his response in opposition to petitioner's motion for leave to amend his petition for writ of habeas corpus.

## I.    Procedural Background

1.    On October 18, 2007, petitioner Armando Amaya filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is an inmate of the Illinois Department of Corrections serving an aggregate term of 62 years' imprisonment for his 1999 Kane County convictions for murder, attempted murder, and aggravated battery.

2.    The instant petition raises one ground for relief: trial counsel was ineffective for failing to present an alibi defense. *See* Pet. at 7; *see also* Mem. at 3-18.

3.      Respondent answered the petition on May 29, 2008.  (Doc. 23).

4.      On June 16, 2008, petitioner filed a motion for leave to amend his petition to include a claim that prosecutors violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose an allegedly exculpatory statement by Sharona Weakly, a witness to the crimes of which petitioner was convicted.  (Doc. 26).

5.      For the reasons set forth below, this Court should deny leave to amend.

## II.     Argument

### A.     Legal Standard Governing Amendments To Federal Habeas Petitions

6.      A federal habeas petition "may be amended . . . as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242; *see also* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.  Because respondent has already answered the petition, amendment is permitted only by respondent's written consent or by leave of court, which "should [be] freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave to amend may be denied when the proposed amendment would be futile.  *See*, *e.g.*, *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002); *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001).

**B.    Leave To Amend Should Be Denied Because Petitioner's
Proposed Amendment Is Futile.**

7.    This Court should deny petitioner leave to amend because his proposed

amendment would be futile.[1]  Here, petitioner seeks to amend his petition with a

claim that prosecutors violated *Brady* by failing to disclose allegedly exculpatory

evidence.  However, as discussed in respondent's answer (Doc. 23 at 5-6, 14-16),

petitioner has not yet exhausted his *Brady* claim in one complete round of state

court review and, if leave to amend were granted, he would not be entitled to a stay

of his "mixed" petition under *Rhines v. Weber*, 544 U.S. 269 (2005), while he

attempted to exhaust his *Brady* claim in state court.

8.    A federal district court "may not adjudicate mixed petitions for habeas

corpus relief" — *i.e.*, "petitions containing both exhausted and unexhausted claims."

*Rhines*, 544 U.S. at 273.  *Rhines* held that district courts have discretion to stay a

mixed habeas petition.  *Id.* at 276.  But because the stay-and-abeyance procedure

has the potential to frustrate the Antiterrorism and Effective Death Penalty Act's

twin purposes of reducing delay and furthering the finality of state court judgments,

a stay should only be granted in the limited circumstances where petitioner can

demonstrate that: (1) he had good cause for his failure to exhaust his claims in state

---

[1]  Petitioner's proposed amendment was filed 338 days after his judgment of
conviction became final, and thus within the one-year statute of limitations
applicable to habeas corpus petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  Therefore,
petitioner is not required to satisfy the strict relation-back test that would apply
had he sought to amend his petition after the limitations period expired.  *See Mayle
v. Felix*, 545 U.S. 644, 656 (2005).

court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that petitioner has engaged in intentionally dilatory litigation tactics. *See id.* at 277-78.

9.      Should this Court grant leave to amend, the instant petition would become a "mixed" petition, containing one exhausted claim (the ineffective assistance claim) and one unexhausted claim (the *Brady* claim).  But petitioner has not shown "good cause" for failing to exhaust his *Brady* claim prior to filing his federal habeas petition, so he is not entitled to a stay of his petition under *Rhines*.

10.      Petitioner did not raise his *Brady* claim in state court until April 2007, when he attempted to file a successive postconviction petition.  On May 9, 2007, the trial court denied leave to file that petition, finding that petitioner could not demonstrate the cause and prejudice necessary to file a second or successive postconviction petition.  (*See* Doc. 23, Exh. Q at 1); *see also* 725 ILCS 5/122-1(f); *People v. LaPointe*, 879 N.E.2d 275, 278 (Ill. 2007) ("A second postconviction petition will not be considered filed until leave to file is expressly granted by the circuit court in accordance with section 122-1(f)").  Specifically, the trial court held that "a review of the proposed post-conviction petition indicates that [petitioner] previously possessed Weakly's statement" and, consequently, "[n]othing impeded [petitioner] from raising this issue previously."  (Doc. 23, Exh. Q at 1-2).

11.      In light of the trial court's holding that petitioner "previously possessed Weakly's statement" and was not impeded "from raising this issue

-4-

previously," petitioner cannot show good cause for failing to exhaust his *Brady* claim prior to filing the instant habeas petition.  Because petitioner cannot show good cause, he would not be entitled to a stay of the present federal habeas proceedings while he attempts to exhaust his *Brady* claim in state court. Accordingly, petitioner's proposed amendment is futile, and leave to amend should be denied.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State").

12.     Petitioner is currently appealing the state trial court's judgment denying leave to file his successive postconviction petition, and his brief as appellant in *People v. Amaya*, No. 2-07-0519 (Ill.App. 2d Dist.) is currently due to be filed on or before October 1, 2008.[2]  Respondent acknowledges that the state appellate court could reverse the trial court's judgment.  However, as discussed below, that appears unlikely.

13.     The subject of petitioner's *Brady* claim is a statement Sharona Weakly gave to police on October 29, 1997 — the date on which petitioner murdered Jermaine Lambert, and shot and wounded Alonzo Matthews and Tara Harris.  (*See* Doc. 26 at 1-2).  According to petitioner, he was never given a copy of Weakly's statement because it was mistakenly placed in an incident folder for a separate

---

[2] On September 5, 2008, counsel for respondent confirmed this information during a telephone conversation with personnel in the Office of the Clerk of the Appellate Court of Illinois, Second District.

shooting that occurred on October 29, 1997. As a result of this later shooting —

labeled as incident number 97-24443 (*see id.* at 1) — petitioner was charged with

aggravated battery with a firearm in *People v. Amaya*, No. 97 CF 2326. Petitioner

does not claim that he did not have access to all of the materials in the incident

folder pertaining to that shooting — *i.e.*, incident 97-24443. In other words,

petitioner's proposed *Brady* claim is premised on the fact that although the

statement was turned over to him, it was contained in the wrong case file.

14.     In its order denying petitioner leave to file a successive postconviction

petition, the state trial court did not elaborate on its finding that petitioner

"previously possessed Weakly's statement." (*See* Doc. 23, Exh. Q at 1). But based

on the facts set forth in petitioner's motion for leave to amend, it appears that

petitioner had access to Weakly's statement by virtue of being charged, in *People v.

Amaya*, No. 97 CF 2326, with having committed the shooting referred to as incident

97-24443. As a result of those charges being filed against him, petitioner or his

attorney would have had access to the witness statements filed in that incident

folder — including Weakly's, which petitioner concedes was placed in that folder.

(*See* Doc. 26 at 1-2).

15.     That conclusion is buttressed by the contents of petitioner's successive

postconviction petition. There, petitioner admitted he became aware of Weakly's

statement when his postconviction appeal counsel:

> ask[ed] me if I had any of the alibi transcript testimonies
> for the 97-CF-2326 case. I was not sure, so, I sent a letter

-6-

> home asking my family to please send me all the big
> envelop[e]s I had sen[t] home mark[ed] with 97-CF-2326
> . . . When I did receive[ ] the papers, I started searching
> for the alibi transcripts.  But I did not have any of the
> transcripts for 97-CF-2326 I only had the police report for
> incident 97-24443 . . . I read the incident report in the
> hope to find something that may help [my attorney] in the
> postconviction appeal . . . That's when I found Ms.
> Weakly's statement and it shock[ed] me.

(Doc. 23, Exh. P at 3).  In light of the foregoing, it appears that the trial court relied

on petitioner's admission — that he had access to Weakly's statement — to rule

that petitioner possessed that statement and could have raised his *Brady* claim

earlier.

16.    Under Illinois law, a prisoner may not file a second or successive

postconviction petition unless he "demonstrates cause for his or her failure to raise

the claim in his or her initial post-conviction proceedings and prejudice results from

that failure."  725 ILCS 5/122-1(f).  "Cause" is defined as "an objective factor that

impeded his or her ability to raise a specific claim during his or her initial post-

conviction proceedings."  In petitioner's case, the trial court denied leave to file after

determining that, because petitioner previously possessed Weakly's statement, he

was not impeded from raising a *Brady* claim based on the alleged failure to disclose

that statement during his first round of postconviction proceedings.  (*See* Doc. 23,

Exh. Q at 1-2).  Because the facts alleged by petitioner in both his motion for leave

to amend the instant habeas petition and his successive postconviction petition are

consistent with the state trial court's finding that he previously possessed Weakly's

statement and was not impeded from raising his *Brady* claim earlier, it appears

unlikely that petitioner will prevail in his appeal now pending before the state appellate court.

17.     Moreover, petitioner would not be entitled to a stay under *Rhines* since he cannot show that his *Brady* claim is "potentially meritorious."  Because petitioner was denied leave to file his successive petition, the state courts cannot consider that claim on the merits, and thus it has not been preserved for federal habeas review.  *See LaPointe*, 879 N.E.2d at 278.

18.     In sum, petitioner is not entitled to a stay under *Rhines* because he lacks "good cause" for failing to raise his *Brady* claim earlier, and that claim is "plainly meritless" because it has not been — and cannot be — considered by the state courts in a successive postconviction petition that he was not permitted to file. Accordingly, petitioner's proposed amendment is futile and this Court should deny leave to amend.

## CONCLUSION

This Court should deny petitioner's motion for leave to amend his petition for writ of habeas corpus.

September 11, 2008                    Respectfully submitted,

                                      LISA MADIGAN
                                      Attorney General of Illinois

                        By:     s/ Michael R. Blankenheim
                                MICHAEL R. BLANKENHEIM, Bar # 6289072
                                Assistant Attorney General
                                100 West Randolph Street, 12th Floor
                                Chicago, Illinois 60601-3218
                                TELEPHONE: (312) 814-8826
                                FAX: (312) 814-2253
                                EMAIL: mblankenheim@atg.state.il.us

-9-

## CERTIFICATE OF SERVICE

I certify that on September 11, 2008, I electronically filed respondent's **Response In Opposition To Petitioner's Motion For Leave To Amend** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of that document via the United States Postal Service to the following non-CM/ECF user:

> Armando Amaya, K75877
> Tamms Correctional Center
> 200 East Supermax Road
> P.O. Box 2000
> Tamms, Illinois 62988

s/ Michael R. Blankenheim
MICHAEL R. BLANKENHEIM, Bar # 6289072
Assistant Attorney General
100 W. Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-8826
FAX: (312) 814-2253
EMAIL: mblankenheim@atg.state.il.us
