

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARMANDO AMAYA,            )
                          )
         Petitioner,      )    Case No. 07 cv 6793
                          )
    v.                    )
                          )    Judge John W. Darrah
                          )
KEN BARTLEY, Warden,      )
                          )
         Respondent.      )
                          )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Petition of Armando Amaya ("Petitioner") for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 [1] and the Motion of Petitioner for Leave to Amend his Petition to add an additional ground for relief [26]. For the reasons stated below, the petition for a writ of *habeas corpus* [1] is denied. Plaintiff's motion for leave to amend his petition [26] is also denied.

## FACTS

The background facts in Petitioner's case were fully set forth by the Illinois Court of Appeals in *People v. Amaya*, 748 N.E.2d 1251 (Ill. App. 2001) (*Amaya*). On January 29, 1999, following a jury trial, Petitioner was convicted by a Kane County jury of first-degree murder, attempted murder, aggravated battery, and discharge of a firearm after a gang-related incident in which three people were shot, one fatally, outside of an apartment building in Elgin, Illinois. Petitioner was sentenced to 62 years' imprisonment. He is currently incarcerated at the Tamms Correctional Center in Tamms, Illinois.

1

Petitioner filed a timely direct appeal of his conviction in the Illinois appellate courts. Petitioner's convictions and sentences for murder and attempted murder were upheld on appeal, but the Illinois Appellate Court vacated his conviction and sentence for aggravated discharge of a firearm. *Amaya*, 748 N.E.2d at 1256-59. The Illinois Supreme Court denied Petitioner leave to further appeal his convictions.

Petitioner also filed a petition in state court for postconviction relief pursuant to 725 ILCS 5/122-1.[1] In this postconviction petition, Petitioner asserted ineffective assistance of his counsel based on, among things, his counsel's failure to present an alibi defense at trial. After a hearing on the petition in which Petitioner and his counsel both testified, the trial court denied the postconviction petition. (Def. Ex. H.) The trial court found Petitioner's counsel's decision to forgo the alibi defense reasonable in light of time problems presented in the alibi testimony and Petitioner's counsel's assessment that the alibi witnesses would not testify truthfully.

The Illinois Court of Appeals affirmed the decision of the trial court on appeal. (Def. Ex. L.) The Court of Appeals held there was "ample evidence" in the record to support the trial court's finding that defense counsel believed in good faith that Petitioner's alibi witnesses would not testify truthfully at trial. (Def. Ex. L at 5.) Thus, the Court held, Petitioner's counsel's conduct in declining to call the alibi witnesses was objectively reasonable under *Nix v. Whiteside*, 475 U.S. 157 (1986), in which the Supreme Court held that a criminal defendant's Sixth Amendment right to effective

---

[1] This statute provides relief for imprisoned persons who assert that there was a substantial denial of their rights under the United States or Illinois constitutions, or both, in the proceedings that resulted in their convictions. 725 ILCS 5/122-1(a).

2

assistance of counsel is not violated when counsel refuses to present perjured testimony. For the same reason, the Court of Appeals held Petitioner did not demonstrate a constitutional claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). On September 26, 2007, the Illinois Supreme Court denied a petition for leave to further appeal the ruling. (Ex. M.)

On October 18, 2007, Petitioner filed the instant *habeas corpus* petition in federal court pursuant to 28 U.S.C. § 2254, asserting a single ground for federal *habeas corpus* relief: the ineffective assistance of Petitioner's counsel based on his counsel's failure to present an alibi defense at trial. (Pet. at 7.) Petitioner argues that the Illinois Court of Appeals erred in determining that his counsel made a good faith determination that the alibi witnesses would offer false testimony. (Pet. Mem. at 1.)

On April 27, 2007, before Petitioner's postconviction petition was resolved by the Illinois Appellate Court, Petitioner also filed a motion for leave in the state trial court to file a second postconviction petition. (Def. Ex. P.) Petitioner sought to raise in this petition the additional ground that the prosecution did not disclose an allegedly exculpatory statement by Sharon Weakly. (Def. Exs. O, P.) On May 9, 2007, the state trial court denied Petitioner's request for leave to file the second postconviction petition, finding, among other things, that cause did not exist for Petitioner's failure to raise the exculpatory statement in Petitioner's first postconviction petition. The court found that Petitioner previously possessed Weakly's statement; therefore, the statement could have been raised earlier. (*See* Def. Ex. Q, at 1.) On May 23, 2007, Petitioner filed an appeal of the trial court's denial with the Illinois Appellate Court. This appeal remains pending.

## LEGAL STANDARD

A federal court will not grant *habeas corpus* relief on any claim adjudicated on the merits by a state court unless: (1) the state court applied a United States Supreme Court doctrine unreasonably to the facts of the case or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be not only erroneous but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). As the Seventh Circuit has recognized: "[t]his is a difficult standard to meet; unreasonable means something like lying well outside of the boundaries of permissible differences of opinion." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003). The state decision is reasonable if it is "minimally consistent with the facts and circumstances of the case." *Danks v. Davis*, 355 F.3d 1005, 1008 (7th Cir. 2004).

The Supreme Court set forth the standard for federal constitutional claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 688 (1984) ("*Stickland*"). To support such a claim, a defendant must show that: (1) his counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness under the prevailing professional norm; and (2) but for counsel's alleged errors and omissions, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 694. Thus, when a petitioner alleges ineffective assistance of counsel in a federal *habeas* petition and the state court

has previously decided the issue, the petitioner

> must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [petititoner] must show that the [state court] applied *Strickland* to the facts of the case in an objectively unreasonable manner.

*Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

## ANALYSIS

As stated above, Petitioner contends in his *habeas* petition that the Illinois Court of Appeals erred in ruling that his counsel made a good faith determination that his alibi witnesses would not testify truthfully at trial. (*See* Pet. Mem. at 1.) Petitioner argues here, as he did before the Illinois state courts, that his counsel should have called four alibi witnesses who had testified for him at another trial regarding another shooting on the same night and which resulted in a hung jury. (Pet. Mem at 3.)

Petitioner's arguments are insufficient to show a basis for *habeas corpus* relief. At the postconviction hearing before the trial court, Petitioner's counsel testified that Petitioner told him Petitioner was at the scene at the time of the shooting in this case, and he became concerned that Petitioner's alibi witnesses might testify falsely. (Def. Ex. T, at 472-73; 493-94.) Petitioner denied telling his counsel that he was at the scene of the shooting. (Def. Ex. U, at 1271.) However, after hearing all of the evidence and testimony of the witnesses, the trial court found that Petitioner's counsel had a sound basis for deciding not to put on Petitioner's alibi defense. The trial court found:

5

> In the instant case Defendant and defense counsel discussed the alibi
> defense even to the extent of a possible argument on the issue during one
> of the discussions. Defense counsel told Defendant that, in his experience,
> a bad alibi defense is worse than no defense.
>
> Defense counsel felt there were gaps in the alibi witness testimony . . .
>
> Also, when the Defendant admitted to being at the scene, but not being the
> shooter, defense counsel felt it would be an ethical violation to perpetuate
> the false testimony of alibi witnesses. . . .
>
> Based upon Defendant's statements to defense counsel, defense counsel
> would have violated this Rule had he offered an alibi defense.
> Furthermore, circumstances revealed a sound basis for no further inquiry
> on the alibi defense.
>
> The gaps in the alibi testimony and the application of the Rules of
> Professional Conduct revealed there was no sound basis to further
> investigate the alibi testimony.

(Def. Ex. V, at 1317-18.)

The Illinois Court of Appeals affirmed the decision of the trial court, finding ample evidence in the record to support Petitioner's counsel's statement that he believed that the alibi witnesses would testify falsely. (Def. Ex. L, at 5-6.)

This Court does not find the determinations of the Illinois courts to be unreasonable. Rather, the Court finds that the Illinois courts reasonably determined that Petitioner's counsel made a good faith determination that Petitioner's alibi witnesses would offer perjured testimony. Petitioner challenges the conclusions of his counsel that Petitioner was at the scene at the time of the shooting in question. Petitioner contends his counsel should have asked him more follow-up questions to determine exactly what he meant when he told his counsel that he was at the scene because Petitioner was referring

to the scene of a second shooting occurring later the same evening.[2] (Pet. Mem. at 11-13.) However, even if Petitioner's counsel could have done more (and, indeed, even if his counsel was ultimately incorrect in determining that Petitioner's alibi witnesses would testify falsely), this does not show that Petitioner's counsel's conduct fell below an objective standard of reasonableness under *Strickland*, that the Illinois courts applied *Strickland* in an objectively unreasonable manner, or that the Illinois decisions rely on an unreasonable reading of the facts. *See* 28 U.S.C. § 2254(d).

This Court does not find that the Illinois courts applied *Strickland* in an objectively unreasonable manner. After reviewing the record, the Court finds that the Illinois courts reasonably applied *Strickland* and reasonably rejected Petitioner's claim of ineffective assistance of counsel on the facts. Accordingly, Petitioner is not entitled to a writ of *habeas corpus* on the basis of ineffective assistance of his counsel.

---

[2] Petitioner's argument is not supported by the record of the hearing on the postconviction petition. Petitioner's counsel's testimony at the hearing shows that counsel clearly understood Petitioner to be referring to the shooting at issue in this case:

Q: Once the Defendant told you he was at the scene of this shooting, did you make the inference that he couldn't possibly have been with the alibi witnesses?

A: ... yeah, I knew that he was at the scene or near the scene of the shooting at 10:30 later on that night, that was pretty apparent, but the context of our conversation was the shooting, the time of the shooting, and so when he said to me "I was there," it wasn't in the context of later on when he was arrested. It was in the context of at the time of the [earlier] shooting, and that's why I didn't explore it any further.

Def. Ex. T, at 493-94.

This leaves the issue of Petitioner's motion for leave to amend his petition. A *habeas* petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Pursuant to Fed. R. Civ. P.15(c), leave to amend is freely given "when justice so requires."

Petitioner seeks leave to amend his petition to assert a second ground for *habeas* relief: that the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963). (Pet. Mot. For Leave.) Specifically, Petitioner contends (as he did in his request to file a second postconviction petition in state court) that the prosecution failed to disclose the police statement made by Sharona Weakly. (Pet. Mot. For Leave, Ex. 2.) In addition, because this ground for relief has not yet made its way through the state appellate process, Petitioner asks that his *habeas* petition as amended be stayed so that his second, unexhausted ground for relief can be fully addressed in the state courts. (Pet. Mot. at 4.)

The Supreme Court has approved of holding a *habeas* petition in abeyance when the petition is "mixed," that is, contains both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269 (2005). The federal case is stayed to allow the petitioner to present his unexhausted claims to the state court, then return to federal court for purposes of determining the perfected petition. *Rhines*, 544 U.S. at 271-72. Therefore, if the Court were to allow Petitioner to amend his petition to assert a *Brady* claim, Petitioner could seek to have his mixed petition stayed pursuant to *Rhines*.

However, the Supreme Court has held that the stay and abeyance procedure is to be used in limited circumstances and is only appropriate where the petitioner demonstrates that he had good cause for failing to exhaust his claims in state court.

8

*Rhines*, 544 U.S. at 277. Here, when considering whether to allow Petitioner to assert the alleged nondisclosure of Weakly's statement in a second postconviction petition, the state trial court expressly found that Petitioner did not have cause to assert this ground in a second postconviction petition. The state court found that even though Petitioner maintained that Weakly's statement was in the wrong incident file and was not disclosed to him, Petitioner's "proposed post-conviction petition indicates that defendant previously possessed We[a]kly's statement." (Def. Ex. Q, at 1.) Petitioner stated, in his proposed postconviction petition, that he was unaware of Weakly's statement at the time of his trial, but he became aware of the statement during discussions with his lawyer concerning his first postconviction petition. (*See* Def. Ex. P, at 4-5.)

Petitioner does not dispute the trial court's finding that he possessed the statement at the time he filed his first postconviction petition. He states here (as he did in state court) that Weakly's statement was "place[d] in the wrong incident report" and "was not disclose[d] to petitioner for this case." (Pet. Mot. For Leave to Amend at 3.) However, this does not contradict the state court's finding that Petitioner previously possessed the statement. The Court finds the state trial court's ruling that Petitioner did not have cause to file a second postconviction petition raising the *Brady* claim to demonstrate that Petitioner does not have good cause for failing to exhaust his state-court remedies under *Rhines*. For this reason, the Court does not find that cause exists to allow Petitioner to amend his *habeas* petition to assert the *Brady* claim, or to seek stay and abeyance under *Rhines*. Should the Illinois courts ultimately determine on appeal that Petitioner's *Brady* claim is properly filed, this Court would entertain a motion by Petitioner to re-open this case to assert the *Brady* claim.

9

## CONCLUSION

For the reasons stated above, the Petition for a Writ of *Habeas Corpus* [1] is denied. Petitioner's Motion for Leave to Amend his Petition [26] is also denied.

Date: October 1, 2008

JOHN W. DARRAH
United States District Court Judge